**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CRISPULO LOPEZ-FLORES,**

      **Plaintiff,**                         Case No. 04-73319

vs.                                      **HONORABLE DENISE PAGE HOOD**

**GENERAL MOTORS CORPORATION**

      **Defendant.**

_____/

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion for Summary Judgment filed June 27, 2005.[1] Plaintiff filed his Response to the Motion for Summary Judgment on July 25, 2005. Defendant's filed a Reply Brief to Defendant's Response to Motion for Summary Judgment on August 19, 2005.

In its Motion, the Defendant asks this Court to grant the Motion for Summary Judgment because Plaintiff's claims under Title VII and the Michigan Civil Rights Act are time barred, or otherwise deficient as a matter of law, and that Plaintiff has failed to fully exhaust available appeal procedures in regards to his claim that Defendant failed to pay for medical services covered by the GM Health Plan.

---

[1] Plaintiff claims Defendant's Motion for Summary Judgment is untimely because the Amended Scheduling Order provides, "No motion other than trial Motions in Limine may be filed after June 27, 2005." June 27, 2005 was therefore the motion cut off date for all motions except trial Motions in Limine.

For the reasons stated herein, this Court GRANTS Defendant's Motion for Summary Judgment and DISMISSES Plaintiff's Complaint

## II. STATEMENT OF FACTS

### Background

On May 28, 2004, Plaintiff Crispulo Lopez-Flores [hereinafter "Plaintiff"] filed the instant action in Wayne County Circuit Court. The case was removed to this Court on August 25, 2004. Plaintiff was a UAW represented hourly employee of Defendant General Motors Corporation [hereinafter "Defendant"] and of Puerto Rican descent. Plaintiff alleges that Defendant discriminated against him based upon his national origin. Plaintiff also alleges that the Defendant violated the collectively bargained health care program between the UAW and the Defendant by failing to pay for Plaintiff's medical services incurred since 1997.

Plaintiff began his employment with the Defendant on September 5, 1968. In 1970, he suffered a work related injury to his neck and back. Plaintiff returned to work in 1972 after having surgery to repair the injury. Plaintiff suffered an 80% loss of strength in his shoulders, neck and arms. As a result of his injuries, Plaintiff had permanent work restrictions. In August 1995, Plaintiff transferred to the Defendant's Service Parts Operation at Drayton Plains located in Waterford, Michigan. On April 18, 2001, Plaintiff fell while riding a bike in the plant and went on sick leave. Plaintiff never returned to work with the Defendant after April 18, 2001 and voluntarily retired on June 1, 2001.

## III. STANDARD OR REVIEW

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

**IV.  APPLICABLE LAW & ANALYSIS**

**National Origin Discrimination**

Plaintiff does not specify in his Complaint whether or not he is bringing an action against the Defendant under the Michigan Elliott-Larsen Civil Rights Act or Title VII, 42 U.S.C. § 2000e, therefore, this claim will be analyzed under both statutes.

The Defendant argues that pursuant to M.C.L. § 600.5805(10), the statute of limitations for Plaintiff's action is three years after the cause of action accrued. (Def.'s Mot. for Summ J. at 9). Since the Plaintiff filed his Complaint on May 28, 2004, and his last day of active employment was April 18, 2001, Defendant asserts that any alleged denial of an office position and/or alleged national origin discrimination would have had to occurred more than three years before the filing of Plaintiff's Complaint.[2] (Def.'s Mot. for Summ J. at 9). Therefore, Plainitff's claims are time barred. (Def.'s Mot. for Summ J. at 9). Plaintiff does not address the issue of his claim being time barred. Plaintiff argues that harassment based upon national origin is an "abstract term that you cannot touch or see," but was detected by him. (Answer to Def.'s Mot. for Summ. J. at ¶ 13).

Title VII provides, in relevant part, that "[i]t shall be unlawful for an employer...to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of the individual's race, color, religion, sex, or national origin." *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2nd Cir. 1998) (citing 42 U.S.C. § 2000e-2(a)(1)). Title VII requires a claimant to file a discrimination charge with the EEOC within 180 days of the alleged unlawful employment action or, if the claimant has already filed the charge with a state or local equal employment agency, within 300 days of the alleged act of discrimination. *Id*. This

---

[2] Plaintiff has not alleged termination based on discrimination. *See Magee v. Daimler Chrysler Corp.*, 693 N.W.2d 166 (Mich. 2005).

requirement functions as a statute of limitations, in that discriminatory incidents not timely charged before the EEOC will be time-barred upon the plaintiff's suit in district court. *Id.*

The Defendant contends that the Plaintiff never filed a complaint with either the EEOC or the Michigan Department of Civil Rights. (Def.'s Mot. for Summ J. at 10). The Defendant argues that since the Plaintiff has not worked at the Defendant's business for nearly three years, the time limit within which Plaintiff had to file a complaint with the EEOC has expired and his claims are time barred. (Def.'s Mot. for Summ J. at 10). Plaintiff argues that harassment based upon national origin is an "abstract term that you cannot touch or see," but was detected by him. (Answer to Def.'s Mot. for Summ. J. at ¶ 13).

Plaintiff stated at deposition:

> Q: Okay. When is the last time somebody made the comment go back where you came from?
>
> A: I cannot remember that.
>
> Q: Was it somebody who worked for General Motors? I'm sorry. Let me rephrase.
>
> A: Oh yeah. Yeah
>
> Q: When is the last time someone from General Motors–
>
> A: As a matter of fact, there was a guy working with me in SPO. He told me, he say, "Cris, you don't know anything. You better go back where you came from." I said you might be right.
>
> Q: Who was that person?
>
> A: It was a guy that worked with me. I don't remember his name.
>
> Q: Was it a supervisor or was it a –
>
> A: No. It was a laborer. It was a guy that works with me.

Q: When did he make that comment?

A: Well, since I started with them in 1993

.
****

Q: Anybody else make any comments – I'm sorry. Any other General Motors – I'm sorry. Strike that. Any other comments that were made based on your national origin?

A: They were making it every day, but I don't recall who they are.

Q: Do you recall what the comments were?

A: No.

Q: Do you recall when the comments were made?

A: Huh?

Q: Do you recall when the comments were made?

A: I don't pay attention for those comments.

Q: So they don't bother you?

A: No, they don't bother me...

****

Q: Okay. In your complaint you imitate that you retired due to this alleged harassment, but earlier you testified you retired due to a fall that you suffered and could no longer work; correct?

A: Well, the ability of me to work it depends upon my health and that part of my decision to retire part of my health when I fell down and aggravate my health. That's part of the decision to retire.

Q: What was the other part of the decision to retire?

A: Well, the other part of the decision to retire is that I didn't have a job that I could do within my restrictions of physical disability.

Q: But when did you make that comment to these other supervisors?

A: Right before I quit working with them.

> Q: Well, what date is that, though?
>
> A: Huh?
>
> Q: Is that a month before you quit, is it six months before you quit?
>
> A: About a week before.
>
> Q: About a week before. You were on a sick leave, though, from April 18th to May 29th?
>
> A: Yeah. Well, when I retired I was on sick leave. When I retired, I was on sick leave.

(Def.'s Mot. for Summ J., Ex. B - Plaintiff's Dep. at 78-80, 85).

Plaintiff has not demonstrated that his claims are not time barred. Plaintiff states at deposition that his claims occurred a couple of weeks prior to him retiring from Defendant. Those claims then arose some time prior to April 18, 2001, over three years prior to the date of filing his Complaint, and are time barred. *See* 42 U.S.C. § 2000e-5(e)(1); M.C.L. § 600.5805(10).

**GM Health Plan**

Plaintiff claims Defendant failed to pay certain health care expenses since 1997 that should have been covered by the GM-UAW Health Care Program. (Def.'s Mot. for Summ J. at 16). The Defendant argues that Plaintiff has failed to exhaust the administrative remedies under the program and cites *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979 (6th Cir. 1991) for the proposition that administrative remedies must be exhausted before Plaintiff may bring suit. (Def.'s Mot. for Summ J. at 16). The Defendant argues that after Plaintiff commenced the instant matter, he submitted medical bills which he claimed the Defendant failed to pay. (Def.'s Mot. for Summ J. at 16, n. 10). The Defendant contends that subsequently, the Defendant paid these medical bills. (Def.'s Mot. for Summ J. at 16, n. 10). Plaintiff does not specifically respond to the Defendant's argument pertaining to any unpaid health care expenses.

The administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court. *Miller*, 925 F.2d at 986. "Every employee benefit plan shall...afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." *Id.* (citing 29 U.S.C. § 1133(2)).

The Plaintiff has failed to demonstrate that the Defendant has failed to pay his medical benefits or that he has exhausted his administrative remedies, therefore, the Defendant's Motion for Summary Judgment as to this claim is granted.

**V. CONCLUSION**

Accordingly,

IT IS ORDERED that Defendants Motion for Summary Judgment **[Docket No. 28, filed June 27, 2005]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint **[Docket No. 1, filed August 25, 2004]** is DISMISSED.

IT IS FURTHER ORDERED that Defendant's Motion to Compel Plaintiff's Deposition and Extend Scheduling Order Dates **[Docket No. 23, filed March 31, 2005]** is MOOT.

Dated: March 31, 2006                                            /S/ DENISE PAGE HOOD
Detroit, Michigan                                                       UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2006, by electronic and/or ordinary mail.

               s/William F. Lewis
               Case Manager